USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/18/2025__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

KAMAL HOSSAIN AND SHAHLA HOSSAIN,
      Plaintiffs,

 -against-

MT. HAWLEY INSURANCE COMPANY
AND BASS UNDERWRITERS,

      Defendants.

1:25-CV- 00099 (AT)

## JOINT MOTION TO DROP BASS UNDERWRITERS

  Pursuant to Rule 21 of the Federal Rules of Civil Procedure, Plaintiffs Kamal and Shahla Hossain and Defendant Mt. Hawley Insurance Company (collectively the "Parties") jointly move the Court to enter an order dropping Defendant Bass Underwriters as a party to this case and dismissing Plaintiffs' claims against Bass Underwriters without prejudice. Bass Underwriters has not entered an appearance in this action and, therefore, this motion is jointly submitted by all parties who have appeared in this case. Plaintiffs' action against Defendant Mt. Hawley for breach of contract will remain pending.

  By way of background, this is a first-party property insurance coverage dispute involving an insurance claim for damage to real property owned by Plaintiffs and insured under a policy issued by Mt. Hawley. Mt. Hawley denied coverage for the claim. Plaintiffs filed this lawsuit asserting two causes of action: (1) a claim for breach of contract against Mt. Hawley for failing to pay Plaintiffs amounts owed under the Policy; and (2) a claim for negligence against Bass Underwriters for failure to obtain the proper insurance requested by Plaintiffs if it is determined that there is no coverage for the underlying insurance claim.

  Rule 21 of the Federal Rules of Civil Procedure provides "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." "A court has broad discretion in

determining whether to add or drop parties, ... which is guided by principles of fundamental fairness and judicial efficiency." *Jem Accessories, Inc. v. JVCKENWOOD USA Corp.*, No. 11:20-CV-4984-GHW, 2021 WL 706646, at *2 (S.D.N.Y. Feb. 22, 2021) (citing *BBK Tobacco & Foods, LLP v. 7th St. Vill. Farm Inc.*, No. 1:17-CV-4079-GHW, 2017 WL 8723938, at *1 (S.D.N.Y. June 15, 2017). The distinction between "dropping" a party under Rule 21 and dismissal under Rule 41 is purely technical. *See id.* at n.5 (citing *Harvey Aluminum, Inc. v. American Cyanamid Co.*, 203 F.2d 105 (2d Cir. 1953) ("The proper method of eliminating one defendant as a party would be to move that he be dropped, not by moving for a voluntary dismissal.")).

In the interest of judicial efficiency, the Parties jointly request that the Court enter an order dropping Bass Underwriters as a party and dismissing, without prejudice, Plaintiffs' negligence claim against Bass Underwriters, which is not ripe until Plaintiffs' breach of contract claim against Mt. Hawley is adjudicated and the question of coverage is determined.

Respectfully Submitted,

/s/ Greg K. Winslett

GRANTED. Plaintiffs' negligence claim against Defendant, Bass Underwriters, Inc. ("Bass Underwriters"), is DISMISSED without prejudice. The Clerk of Court is respectfully directed to terminate Bass Underwriters from the docket and terminate the motion at ECF No. 33.

SO ORDERED.

Dated: April 18, 2025
New York, New York

ANALISA TORRES
United States District Judge